# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Josette Hernandez,

    Plaintiff

v.

Weststates Property Management; Overton Associates, LP, Freddy Ludena, and Alma Lopez,

    Defendants

Case No.: 2:14-cv-02113-JAD-NJK

**Order Denying Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction**
**[Docs. 2, 5]**

    Plaintiff Josette Hernandez filed this action this afternoon in an attempt to stop her 5:00 p.m. eviction from her apartment unit as ordered by the Moapa Valley Justice Court. She suggests that she would appeal the justice court's decision in the state-court system, but the Moapa Valley Justice Court is closed today.[1] So she turns to this court instead, alleges that her eviction violates the Fair Housing Act,[2] and moves for an emergency temporary restraining order and preliminary injunction to stop the eviction and the effect of the Moapa Valley court's order.[3]

    The standards for granting a temporary restraining order and a preliminary injunction are the same.[4] Under Rule 65(d), "Every order granting an injunction . . . must: (a) state the reasons why it

---

[1] Doc. 2 at 5 ("On December 11, 2014, the Justice Court of Moapa Valley erroneously granted summary eviction against Hernandez . . . . Hernandez has no recourse to appeal the eviction because the Moapa Valley Justice Court is closed on December 12, 2014.").

[2] Doc. 1.

[3] Docs. 2, 5.

[4] *See Stuhlbarg International Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Tootsie Roll Industries, Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987) (applying preliminary injunction standard to temporary retraining order issued with notice). Otherwise, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Board of Teamsters & Auto Truck Drivers Local No. 70*,

issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."[5]  "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."[6]  It is never granted as of right.[7] As the United States Supreme Court explained in *Winter v. Natural Resources Defense Council*, the district court inquires whether the movant has demonstrated: (1) a likelihood of success on the merits, (2) irreparable injury, (3) that remedies available at law are inadequate, (4) that the balance of hardships justify a remedy in equity, and (5) that the public interest would not be disserved by a favorable ruling.[8]

However, federal courts are courts of limited jurisdiction.[9] Under Federal Rule of Civil Procedure 12(h)(3), "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[10] The *Rooker–Feldman* doctrine recognizes that a district court lacks subject matter jurisdiction to review—directly or indirectly—a state court judgment.[11] Its application "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[12] The doctrine also bars relitigation of issues that are "inextricably intertwined" with a state court

---

415 U.S. 423, 439 (1974).

[5] Fed. R. Civ. Proc. 65(d).

[6] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted).

[7] *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008).  *See also eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006).

[8] *See Winter*, 555 U.S. at 20.

[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

[10] Fed. R. Civ. Proc. 12(h)(3).

[11] *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 285 (2005); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  The doctrine is derived from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[12] *Exxon Mobil Corp.*, 544 U.S. at 284.

judgment.[13] Thus, the fact that a particular provision of federal law was not raised in a state court proceeding will not bar application of the *Rooker-Feldman* doctrine if the federal suit is an impermissible *de facto* appeal.

In this case, although I am sympathetic to Hernandez's plight, it is clear from her representations that her request to enjoin her eviction proceedings is a *de facto* appeal of the state court's summary eviction decision. As I lack jurisdiction over this claim under the *Rooker-Feldman* doctrine, Hernandez is unlikely to succeed on the merits of her claim. I need not reach the other prongs of the conjunctive test before denying her request for injunctive relief.

Accordingly, it is HEREBY ORDERED that plaintiffs' emergency motion for temporary restraining order **[Doc. 2]** and emergency motion for preliminary injunction **[Doc. 5]** are **DENIED**.

DATED: December 12, 2014 at 4:10 p.m.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005).