Sean D. Thueson, Esq.
Nevada Bar No. 8690
Andrea M. Champion, Esq.
Nevada Bar No. 13461
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134
Phone: (702) 669-4622
Fax: (866) 643-0065
sdthueson@hollandhart.com
amchampion@hollandhart.com

*Attorneys for Defendants Weststates Property Management and Overton Associates, LP*

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JOSETTE HERNANDEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WESTSTATES PROPERTY MANAGEMENT, OVERTON ASSOCIATES, LP, FREDDY LUDENA, and ALMA LOPEZ,<br><br>　　　　　　Defendant. | CASE NO.:  2:14-cv-02113-JAD-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court having considered the Stipulation for Entry of a Protective Order, and it appearing that there is good cause for an Order providing confidential treatment for certain documents and information that have or may be disclosed or produced during discovery or other proceedings herein:

IT IS ORDERED that:

1. Any information produced by any party or non-party in this action may be designated by the producing party as "Confidential" or "Attorneys Eyes Only." As a general guideline, any information, the whole of which is publicly available, should not be designated as "Confidential" or "Attorneys Eyes Only." Documents not previously disclosed to the public should be designated "Confidential" when such documents contain confidential information that

1

1 may be reviewed by certain named persons of the receiving party, but must be protected against
2 disclosure to third parties.

3   2.   Any document(s) and/or other information subject to disclosure should be designated by the producing party as "Confidential" or "Attorneys Eyes Only" when it contains personal information, trade secrets, including, but not limited to, product formulas, manufacturing methods, or product development plans, confidential business information such as marketing plans, customer lists, financial information, sales figures, advertising expenditures, pricing plans, and balance sheets, supplier identities, business plans, license agreements, or other information which could put the producing person or entity at a competitive disadvantage if the information became known to the receiving party.

   3.   Information designated "Confidential" or "Attorneys Eyes Only" may be used only in connection with this action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order and the parties shall exercise due care regarding storage, custody, and use.

   4.   Any party or non-party who has documents covered by the provisions of this Order may designate, in writing, the documents or portions thereof that such person or entity considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Attorneys Eyes Only" by the producing party, or if the document is produced electronically the media should be marked "Confidential" or "Attorneys Eyes Only" by the producing party.

   5.   Any documents and/or other information designated as "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, may be made available **only** to:

   a.   Attorneys of record, their employees, and other attorneys directly involved in the matter;

   b.   The Court before whom this action is pending, ~~so long as such documents or information are provided under seal;~~  See order issued concurrently herewith

**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

2

7537392

   c. Independent consultants or experts not associated directly or indirectly with a party.

   d. Officers, directors, employees, or attorneys of the parties, where needed for the preparation for trial.

   e. Pursuant to paragraphs 8 and 9, deponents and counsel for deponents at their depositions.

   f. Any certified court reporter or videographer retained by any party for purposes of transcribing or recording any deposition or hearing.

6. Documents and/or other information designated "Attorneys Eyes Only," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available **only** to:

   a. Attorneys of record for the receiving party and those employees of the attorney of record's firm that are directly involved in the matter;

   b. Officers, directors, and employees of the producing party.

   c. The Court before whom this action is pending~~, so long as such documents or information are provided under seal;~~ See order issued concurrently herewith

   d. Independent consultants or experts not associated directly or indirectly with a party.

   e. Any certified court reporter or videographer retained by any party for purposes of transcribing or recording any deposition or hearing.

7. All deposition and hearing testimony in this case shall be subject to the terms of this Protective Order.  Counsel attending a deposition shall be entitled to designate the level of restriction at the time of deposition.  The witness under deposition or his or her counsel shall have the right to change the level of restriction within a (30) day period after the deposition.  Except as provided in paragraph 9, during any deposition, persons shall be excluded from testimony designated "Confidential" or "Attorneys Eyes Only" as applicable based on paragraphs 6 and 7.

7537392

      8.     Except as provided herein, no person shall be given access to confidential information designated "Attorneys Eyes Only" at their deposition. In the event a party intends to provide "Attorneys' Eyes Only" documents to a witness not permitted access to such information pursuant to paragraphs 6 and 7, the party shall give at least 10 days' notice prior to the deposition to counsel of the designating party. If there is no objection, the deponent shall comply with paragraph 10 below and be allowed to review such documents during the deposition. If the designating party objects to the disclosure, the receiving party may seek relief from the Court as provided in paragraph 15 below. No disclosure shall be made to a deponent, however, until the Court has ruled on the requested disclosure. The sole limited exception to this provision relates to information designated as "Attorneys' Eyes Only." While the limitation regarding access to the "Attorneys' Eyes Only" documents and all other provisions shall remain unchanged, any in-house counsel or corporate representative of a party attending 1) a deposition or 2) trial in this matter shall be allowed to remain at such deposition or in the trial while questions concerning the "Attorneys' Eyes Only" documents are asked subject to compliance with paragraph 10 below. All other provisions of this Order apply to the Charge Masters and remain unchanged.

      9.     Each person permitted by this Order to have access to Confidential Information, other than the parties' counsel, shall, prior to being given such access, shall be provided with a copy of this Order for review. To the extent any Confidential Information or Confidential Medical Information that has retroactively been designated as Confidential Information pursuant to this Order has been previously provided to any person entitled to review such information pursuant to paragraphs 6 and 7, such person shall be provided with a copy of this Order within five business days of entry of such Order. Upon receiving this Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he has read the order and agrees to comply with its terms.

      10.    The restrictions set forth in this Order will not apply to information that is already within the public realm before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party,

4

1 provided that such information does not become publicly known by any act or omission of the
2 receiving party, its employees, or agents.

3     11.   Any document or evidence filed with the Court that is designated as containing
4 "Confidential" or "Attorneys Eyes Only" information shall be filed in a sealed envelope or other
5 appropriate sealed container marked on the outside with the title of the Court, and a statement
6 substantially in the following form:

> **"CONFIDENTIAL" OR "ATTORNEY EYES ONLY." This document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that order.**

11     12.   In the event that a party or non-party inadvertently fails to designate any
12 document, thing, or information as "Confidential" or "Attorneys Eyes Only," it may later
13 designate such document, thing, or information by notifying attorneys of record for all receiving
14 parties in writing, identifying the particular documents, things, or information it wishes to
15 designate and the appropriate designation. Attorneys of record for the receiving parties shall
16 thereafter: (a) use reasonable efforts to retrieve all such particular documents, things, or
17 information and all copies thereof, (b) mark the particular documents, things, or information,
18 and all copies thereof, with the appropriate legend, and (c) treat the document, thing or
19 information, and all copies thereof, in accordance with the designation.

20     13.   Nothing in this Order shall bar or otherwise restrict any attorney of record from
21 rendering advice to their client with respect to this action after having examined "Confidential"
22 or "Attorneys Eyes Only" information.

23     14.   If, at any time during the preparation for the action or during the Trial, any party
24 believes that any other party or non-party has unreasonably designated certain information as
25 "Confidential" or "Attorneys Eyes Only," or believe that it is necessary to disclose to persons
26 other than those permitted by this Order, or otherwise objects to disclosure as provided under
27 paragraphs 6(c) and 7(c) hereof, and the producing party does not agree to change the
28 designation or to further disclosure, the objecting party may make an appropriate application to

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

5

7537392

1 the Court requesting that the specifically identified documents, information, and/or deposition 2 testimony be made available to specified persons.

3    15.   This Order may only be modified by an order of the Court.

4    16.   No later than 30 days following the conclusion of these proceedings all counsel 5 who have received Confidential Information and all persons or entities to whom counsel 6 distributed such materials pursuant to the terms of this Protective Order shall (a) return all 7 Confidential Information to counsel for the producing party, together with all abstracts, copies, 8 transcripts or summaries thereof and other records of the confidential information; or (b) notify 9 the producing party in writing that such documents and information have been destroyed. 10 "Conclusion of these proceedings" shall be construed to refer to the exhaustion of all available 11 appeals or the running of time for taking such appeals, as provided by applicable law, or the 12 final resolution of all claims.

13    17.   Upon the termination of this action, unless the attorneys of record otherwise 14 agree in writing, each party shall assemble and return all Attorneys' Eyes Only materials, 15 including copies, to the person(s) and entity from whom the material was obtained.

16    18.   This Order will not prejudice the right of any party or nonparty to oppose 17 production of any information on the ground of attorney client privilege, work product 18 immunity, trade secret status, or any other protection provided under the law.

19    19.   The provisions of this Protective Order shall continue to be in force and effect after 20 the final disposition of this action, including the exhaustion of all appeals.

21    20.   A violation of this Protective Order subjects the violating party to any and all legal 22 remedies available under Nevada and federal law.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

6

7537392

21. Nothing in the Protective Order is intended to limit or control any parties' use of its own documents.

APPROVED, STIPULATED, AND AGREED:

| DATED this 13th day of April, 2015. | DATED this 13th day of April, 2015. |
|---|---|
| HOLLAND & HART LLP | NEVADA LEGAL SERVICES |
| /s/ *Sean D. Thueson*<br>Sean D. Thueson, Esq.<br>Nevada Bar No. 8690<br>Andrea M. Champion, Esq.<br>Nevada Bar No. 13461<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134<br>*Attorneys for Defendants Weststates Property Management and Overton Associates, LP* | /s/ *Ron Sung*<br>Ron Sung, Esq.<br>Nevada Bar No. 13047C<br>I. Kristine Berstrom, Esq.<br>530 South Sixth Street<br>Las Vegas, Nevada 89101<br>*Attorneys for Plaintiff, Josette Hernandez* |
| DATED this 13th day of April, 2015<br><br>GORDON & REES LLP<br><br>/s/ *Robert S. Larsen*<br>Robert S. Larsen, Esq.<br>Nevada Bar No. 7785<br>3770 Howard Hughes Parkway, Suite 100<br>Las Vegas, Nevada 89169<br>*Attorneys for Defendants FREDDY LUDENA AND ALMA LOPEZ* | |

**IT IS SO ORDERED**

_____
United States Magistrate Judge

7537392

**EXHIBIT A**

Agreement Concerning Access to Material Covered by Stipulated Protective Order

The undersigned hereby acknowledges that he or she has read the attached Protective Order, entered in the U.S. District Court, District of Nevada Case No. 2:14-cv-02113-JAD-NJK, entitled *Josette Hernandez v. Weststates Property Management, et al.* and understands the terms thereof and agrees to be bound thereby.

The undersigned specifically agrees:

(a) That he or she may be granted access to materials of a sensitive or privileged nature under the terms of the Protective Order, including those designated Confidential and/or Attorneys' Eyes Only, as defined in the Protective Order, which is of a commercially-sensitive nature;

(b) That the communication of material designated Confidential and/or Attorneys' Eyes Only to the undersigned is necessary for the purposes of the above-referenced action;

(c) That he or she shall be subject to and abide by the Protective Order and all protocols adopted in this matter;

(d) That he or she shall not disclose to any third persons any material designated Confidential and/or Attorneys' Eyes Only that is disclosed to the undersigned pursuant to the Protective Order;

(e) That he or she shall not disclose to anyone, including a party to this litigation, its representatives, employees, and agents, any material designated Attorneys' Eyes Only that is disclosed to the undersigned pursuant to the Protective Order subject to the terms of this Agreement and all protocols adopted in this matter;

(f) That any matter designated Confidential and/or Attorneys' Eyes Only that is disclosed to the undersigned shall not be used by the undersigned for any purpose not directly related to the action;

(g) Upon conclusion of a consultant and/or expert's retention in this matter, all original media images, and all documents, information, and materials designated as Confidential or Attorneys' Eyes Only and all copies, testimony, summaries, notes, extracts, or abstracts of such

media images, documents, materials, or of such information shall promptly be returned to the counsel from whom such materials were received.  Termination of such retention shall not terminate the restrictions and limitations on use and disclosure contained in the Protective Order.

(h) After the termination of this action, including any appeal thereof, this Agreement shall continue to be binding upon the undersigned.

(i) That the Court in the above-referenced action shall have continuing jurisdiction to enforce this Agreement and the Protective Order against the undersigned during and after the conclusion of the above-referenced action.

(j) The undersigned agrees that, if he or she fails to abide by the terms of the Protective Order, the protocols adopted in this matter, and this Agreement, or if the undersigned's employees or agents fail to abide by the terms of the Protective Order, the protocols adopted in this matter, and this Agreement:

1. The undersigned may be sanctioned by the Court, which may include monetary sanctions.

2. The undersigned may be responsible for damages incurred or suffered by the innocent party.

3. The undersigned may be held in contempt of court.

4. The undersigned actions may result in sanctions on the party retaining its services.

_____
Signature

_____
Type or Print Name

_____
Retaining Party