1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                              **DISTRICT OF NEVADA**

10   JOSETTE HERNDANDEZ,                    )
                                            )
11                 Plaintiff(s),            )     Case No. 2:14-cv-02113-JAD-NJK
                                            )
12   vs.                                    )     ORDER
                                            )
13   WESTSTATES PROPERTY                     )
     MANAGEMENT, et al.,                     )
14                                           )
                 Defendant(s).               )
15   _____)

16        Before the Court is the parties' Stipulated Protective Order (Docket No. 33), which the Court

17   approved to facilitate discovery in this case.  This order reminds counsel that there is a presumption

18   of public access to judicial files and records.  A party seeking to file a confidential document under

19   seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v.*

20   *City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

21        The Court has adopted electronic filing procedures, and with a few exceptions not applicable

22   here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk

23   of the Court to maintain the official files for all cases filed on or after November 7, 2005, in

24   electronic form. The electronic record constitutes the official record of the court. Attorneys must file

25   documents under seal using the Court's electronic filing procedures. *See* Local Rule 10-5(b). That

26   rule provides:

27            Unless otherwise permitted by statute, rule or prior Court order, papers filed
              with the Court under seal shall be accompanied by a motion for leave to file
28            those documents under seal, and shall be filed in accordance with the Court's

1    electronic filing procedures. If papers are filed under seal pursuant to prior
     Court order, the papers shall bear the following notation on the first page,
2    directly under the case number: "FILED UNDER SEAL PURSUANT TO
     COURT ORDER DATED _____." All papers filed under seal will
3    remain sealed until such time as the Court may deny the motion to seal or
     enter an order to unseal them, or the documents are unsealed pursuant to
4    Local Rule.

5    *Id.* Documents filed under seal are not accessible to the public.

6        The Court has approved the blanket protective order to facilitate discovery exchanges.  But

7    there has been no showing, and the Court has not found, that any specific documents are secret or

8    confidential.  The parties have not provided specific facts supported by declarations or concrete

9    examples to establish that a protective order is required to protect any specific trade secret or other

10   confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and

11   significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial

12   files and records, and that parties seeking to maintain the confidentiality of documents attached to

13   nondispositive motions must show good cause exists to overcome the presumption of public access.

14   *See Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to

15   dispositive motions must show compelling reasons sufficient to overcome the presumption of public

16   access.  *Id.* at 1180.[1]

17        If the sole ground for a motion to seal is that the opposing party (or non-party) has designated

18   a document as subject to protection pursuant to the stipulated protective order, the movant must

19   notify the opposing party (or non-party) at least seven days prior to filing the designated document.

20   The designating party must then make a good faith determination if the relevant standard for sealing

21   is met.  To the extent the designating party does not believe the relevant standard for sealing can be

22   met, it shall indicate that the document may be filed publicly no later than four days after receiving

23   notice of the intended filing.  To the extent the designating party believes the relevant standard for

24   sealing can be met, it shall provide a declaration supporting that assertion no later than four days

25   _____

26        [1] Additional information regarding the requirements for filing under seal can be found at *The
     Vaccine Center LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298 (D. Nev. May 14, 2013)
27   (discussing, *inter alia*, the standards for sealing, standard for redaction rather than sealing entire
     documents, and impact of the stipulated protective order on a motion to seal).
28

1    after receiving notice of the intended filing.  The filing party shall then attach that declaration to its

2    motion to seal the designated material.  If the designating party fails to provide such a declaration in

3    support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court

4    may order the document filed in the public record.[2]

5           **IT IS ORDERED** that counsel shall comply with the requirements of Local Rule 10-5(b),

6    the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with

7    respect to any documents filed under seal.  To the extent any aspect of the stipulated protective order

8    may conflict with this order or Local Rule 10-5(b), that aspect of the stipulated protective order is

9    hereby superseded with this order.

10          DATED: April 14, 2015

11

12   _____
     NANCY J. KOPPE
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25   _____

26        [2]  In the event of an emergency motion, the above procedures shall not apply.  Instead, the
     movant shall file a motion to seal and the designating party shall file a declaration in support of that
27   motion to seal within three days of its filing.  If the designating party fails to timely file such a
     declaration, the Court may order the document filed in the public record.
28