UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSETTE HERNANDEZ, <br>             Plaintiff(s), <br> vs. <br> WESTATES PROPERTY MANAGEMENT, et al., <br>             Defendant(s). | Case No. 2:14-cv-02113-JAD-NJK <br> ORDER <br> (Docket No. 54) |

The Court begins by reminding the parties that "[o]bstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994). That is especially true in the discovery context, as "[d]iscovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, *8 (D. Nev. Aug. 1, 2013) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). "It is regrettable that counsel for the parties and/or the parties themselves have so much difficulty cooperating with discovery and the Court is often called upon to spell out detailed rights and responsibilities." *Id.*

On May 1, 2015, the Court denied without prejudice Plaintiff's emergency motion for a protective order regarding a dispute over the deposition of Ron Sung scheduled for May 8, 2015. Docket No. 44. In particular, the Court ordered the parties to conduct a meaningful meet-and-confer regarding their dispute. *See id.* On May 5, 2015, the Court denied without prejudice Plaintiff's renewed emergency motion and ordered that "[t]he parties shall diligently confer with one another" to further

attempt to resolve the dispute concerning Mr. Sung's deposition. Docket No. 47 at 1. The Court provided the parties with a week to do so. *See id.* at 2.

Now pending before the Court is a motion to compel that deposition filed by Defendants Weststates Property Management and Overton Associates. Docket No. 54.[1] It does not appear that the parties engaged in any discussion of Mr. Sung's deposition in the days following issuance of the Court's May 5, 2015 order. Instead, on May 8, 2015, in response to an email concerning a scheduling issue from Mr. Sung, it appears Defendants' counsel simply reiterated his prior positions and indicated: "If you are unwilling to move in your position please indicate that and we will simply have to address it further with the Court." Docket No. 54-6 at 3. Contrary to the assertions in this email, the Court did not order the parties to simply re-confirm their positions before returning to the Court.[2] It appears that Mr. Sung responded by attaching a redacted witness list and privilege log with no other discussion or explanation. *See* Docket No. 54-6 at 4-7. It does not appear that any further conferring occurred prior to Defendants filing the pending motion to compel.

This Court is well aware that some discovery disputes cannot be resolved without Court intervention. Nonetheless, the Court also expects opposing counsel to take Court orders seriously and to interact with one another in a professional manner. The Court hereby **ORDERS** Mr. Sung and Defendants' counsel to meet personally (*i.e.*, in a face-to-face meeting) to discuss their dispute regarding Mr. Sung's deposition. Unless counsel agree to another time and/or place, this in-person meeting shall take place in the attorney lounge of this courthouse on May 21, 2015 at 2:00 p.m. During this meeting, counsel shall engage in a meaningful discussion of their positions. **THE FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS**.

---

[1] A joinder was filed by Defendants Freddy Ludena and Alma Lopez. Docket No. 55. The joinder does not explain how these parties have standing to participate in this motion given that it appears the discovery at issue was propounded by only Defendants Weststates Property Management and Overton Associates. *See, e.g.*, Docket Nos. 54-3, 54-4.

[2] The email also incorrectly states that the Court ordered Mr. Sung to make further meet and confer efforts. *See* Docket No. 54-6 at 3. The Court ordered "the parties" to further meet-and-confer, and the Court expects Defendants' counsel's diligent efforts in meeting-and-conferring to resolve a dispute regarding discovery they are seeking.

In light of the above, Defendants' motion to compel (Docket No. 54) is **DENIED** without prejudice. Counsel shall personally meet-and-confer as outlined above. If they are unable to resolve the dispute in its entirety, Defendants may bring a motion to compel no later than May 27, 2015. Any such motion will be briefed according to the schedule outlined in Local Rule 7-2.

IT IS SO ORDERED.

DATED: May 14, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge